# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **TROY DURIO ET AL** | **CASE NO. 6:21-CV-03314** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN SUMMIT INSURANCE CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

On May 26, 2022, this Court allowed Plaintiffs' former counsel to withdraw and ordered Plaintiffs to, within thirty (30) days, enroll new counsel or notify the Court in writing whether they intended to proceed pro se or dismiss their claim. The Court specifically stated that Plaintiffs' failure to comply with the order may result in dismissal of the case. (Rec. Doc. 16). The Clerk of Court sent a copy of the order to Plaintiffs by certified mail at their address in the record; however, the mail was returned as undeliverable. (Rec. Doc. 18 and 19).

Plaintiffs did not comply with the Court's May 26, 2022 order. Therefore, the Court ordered Plaintiffs appear in person at a hearing on July 14, 2022, to show cause why this suit should not be dismissed for failure to prosecute. (Rec. Doc. 20). The order was sent by certified mail to Plaintiffs at their address in the record. (Rec. Doc. 20-1). Plaintiffs did not appear at the show cause hearing.

A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed.R.Civ.P. 41(b). "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992). A dismissal without prejudice, where the statute of limitations is not implicated, does not prejudice the plaintiff. A dismissal without prejudice, however, is effectively a dismissal with prejudice if the statute of limitations would bar refiling of the action. In the latter instance, the court must find that the plaintiff's "failure to comply with the court order was the result of purposeful delay or contumaciousness," and the court should employ "lesser sanctions before dismissing the action." *Berry, supra*; *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Raymond v. Univ. of Houston*, 275 F. App'x 448, 449–50 (5th Cir. 2008).

The Court finds that Plaintiffs' failure to communicate with their former counsel (see Rec. Doc. 12), failure to comply with Court orders, and failure to keep the Court apprised of their correct contact information after dismissal of their counsel has been contumacious. Accordingly, the Court recommends that this matter be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 14th day of July, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE